MARC J. WINTHROP – State Bar No. 63218
CHARLES LIU – State Bar No. 190513
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Ste 400
Newport Beach, CA 92660

Telephone: (949) 720-4100
Facsimile: (949) 720-4111

Attorneys for Crescent International Ltd.


JOSEPH T. MOLDOVAN
MICHAEL R. DAL LAGO
**MORRISON COHEN LLP**
909 Third Avenue
New York, New York 10022

Telephone: (212) 735-8600
Facsimile: (212) 735-8708

Attorneys for BridgePointe Master Fund Ltd.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| In re: | Case No. 2:08-13019 VZ |
|---|---|
| CENTERSTAGING MUSICAL PRODUCTIONS, INC., | Chapter 11 Proceedings |
| | **CRESCENT'S AND BRIDGEPOINTE'S LIMITED OBJECTION TO MOTION FOR ORDER AUTHORIZING CONTINUED USE OF CASH COLLATERAL** |
| Debtor and Debtor-in-Possession. | DATE: January 8, 2009<br>TIME: 9:30 a.m.<br>PLACE: Courtroom 1368 |

# I.

## CONTINUED USE OF CASH COLLATERAL WITHOUT REPAYMENT OF DIP LOAN WILL RESULT IN CONTINUED EXPENSE TO THE ESTATE

Crescent International Ltd. ("Crescent") and BridgePointe Master Fund Ltd. ("BridgePointe") are pre-petition secured creditors, pre-petition unsecured creditors, and post-petition DIP financing secured and superpriority creditors of CenterStaging Musical Productions, Inc., the debtor and debtor-in-possession herein (the "Debtor"). Crescent and BridgePointe hereby submit this Limited Objection (the "Limited Objection") to the Motion for Order Authorizing Continued Use of Cash Collateral (the "Motion").

Crescent and BridgePointe understand the Debtor's need for use of cash collateral through the month of January 2009 in order to finalize the pending sale transaction. However, Crescent and BridgePointe's concern is that the continued use of cash collateral, absent repayment of the Debtor-in-Possession loan ("DIP Loan"), will perforce result in additional expenses to the Debtor's estate and creditors.

Specifically, in accordance with the terms of the loan documents, the Debtor is obligated to pay not only interest on the principal amount of the DIP Loan ("Loan Interest"), but also Crescent's and BridgePointe's attorneys' fees and expenses in this case (collectively, "Attorneys' Fees"). As of the date of this Limited Objection, the Debtor has not paid any of its obligations under the DIP Loan, which has now matured, including the principal, Interest, and Attorneys' Fees.

While Crescent and BridgePointe are aware that the extension for the continued use of cash collateral is necessary to complete the sale of the Debtor's assets, it is necessary that all parties are aware that as a consequence of such extension, the amount owed for Interest and Attorneys Fees under the DIP Loan will only increase unless the DIP Loan is paid in full. The continued use of cash collateral is, therefore, an added expense to the Debtor's estate that Crescent and BridgePointe submit would be reduced or eliminated if the DIP Loan were repaid.

Crescent and BridgePointe also want to make clear that the Debtor's recital in the Motion that Crescent and BridgePointe are owed "$160,000, plus accruals" on the DIP Loan includes not

only principal and all interest, but such other fees, including attorneys fees, expenses and other costs provided for in the underlying loan documents. In fact, as stated above, the amount owed under the DIP Loan includes, among other things, the Attorneys' Fees and other expenses. Thus, the correct characterization of the amounts owed to Crescent and BridgePointe is as follows: $160,000, plus accruals, interest, attorneys fees, and all other costs and fees that the Debtor is obligated to pay under the loan documents, which total, as of this writing, several multiples of the loan amount.

## II.

## **CONCLUSION**

In light of the foregoing, Crescent and BridgePointe do not object to this limited extension of use of cash collateral, but submits that it would be better for the estate to repay the DIP Loan. Nothing contained herein is intended to be, nor shall in any manner be deemed to be, a waiver of any of Crescent or BridgePointe's rights under the DIP Loan, the underlying loan agreements, the Bankruptcy Code, or any law or statute, all of which are expressly reserved.

DATED: January __7__, 2009  **WINTHROP COUCHOT PROFESSIONAL CORPORATION**

By: ___/s/ *Marc J. Winthrop*_____
    Marc J. Winthrop
    Charles Liu
Attorneys for Crescent International Ltd.

DATED: January __7_, 2009  **MORRISON COHEN LLP**

By: ___/s/ *Joseph T. Moldovan*_____
    Joseph T. Moldovan.
    Michael R. Dal Lago
Attorneys for BridgePointe Master Fund Ltd.

# CERTIFICATE OF SERVICE

I, Viann Corbin, declare as follows:

I am employed in the County of Orange, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 660 Newport Center Drive, 4th Floor, Newport Beach, California 92660, in said County and State. On January 7, 2009 I served the following document: **CRESCENT'S AND BRIDGEPOINTE'S LIMITED OBJECTION TO FIRST INTERIM FEE APPLICATIONS OF LOEB & LOEB, LEWIS R. LANDAU, AND BIGGS & CO.** on each of the interested parties as follows:

| **Debtor's Counsel** <br> Lewis R. Landau, Esq. <br> 23564 Calabasas Road, #104 <br> Calabasas, CA 91302 | **United States Trustee** <br> 411 West Fourth Street, #9-41 <br> Santa Ana, CA 92701 |
|---|---|
| Biggs & Co., Certified Public Accountants <br> Attn: Samuel R. Biggs, CPA <br> 2800 28th Street, #300 <br> Santa Monica, CA 90405 | Loeb & Loeb <br> Derrick Talerico, Esq. <br> 10100 Santa Monica Blvd., #2200 <br> Los Angeles, CA 90067 |
| Loeb & Loeb <br> William M. Hawkins, Esq. <br> Daniel B. Besikof, Esq. <br> 345 Park Avenue <br> New York, NY 10154 | |

by the following means of service:

☒ **BY MAIL**: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same date with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY ELECTRONIC MAIL:** On the date set forth above, from Newport Beach, California, I caused each such document to be transmitted electronically to the parties at the e-mail address indicated. To the best of my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed. A return receipt was requested at the time of the transmission of each such document and I did not receive a notice of failure of receipt of each such document.

☒ I am employed in the office of Winthrop Couchot Professional Corporation; Marc J. Winthrop is a member of the bar of this court.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 7, 2009

                                 */s/ Viann Corbin* 
                                  Viann Corbin

_____
initials